Richard A. Kaplan (Utah Bar No. 13480)
Andrew R. Hale (Utah Bar No. 13725)
ANDERSON & KARRENBERG
50 West Broadway, Suite 700
Salt Lake City, Utah 84101
Telephone:  (801) 639-0954
rkaplan@aklawfirm.com
ahale@aklawfirm.com

*Attorneys for Plaintiff and Proposed Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **ARIIYANA RINGGOLD** *on behalf of herself and all others similarly situated* | Case No. 2:20-cv-00671-RJS |
| **PLAINTIFF,** | |
| v. | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| UTAH SYSTEM OF HIGHER EDUCATION; *AND*, HARRIS H. SIMONS, JESSELIE BARLOW ANDERSON, MIKE ANGUS, JERA L. BAILEY, NINA BARNES, STACEY K. BETTRIDGE, LISA-MICHELE CHURCH, WILFORD CLYDE, CANDYCE DAMRON, SANCHAITA DATTA, ALAN E. HALL, PATRICIA JONES, CRYSTAL MAGGELET, ARTHER E. NEWELL, SHAWN NEWELL, AARON V. OSMOND, GLEN RIVERA, *AND*, SCOTT L. THEURER. | |
| **DEFENDANTS.** | |

Plaintiff, Ariiyana Ringgold ("Plaintiff"), by and through her undersigned counsel, brings this Class Action Complaint against Defendants, the Utah System of Higher Education (the "System") and, Harris H. Simons, Jesselie Barlow Anderson, Mike Angus, Jera L. Bailey, Nina

Barnes, Stacey K. Bettridge, Lisa-Michele Church, Wilford Clyde, Candyce Damron, Sanchaita Datta, Alan E. Hall, Patricia Jones, Crystal Maggelet, Arther E. Newell, Shawn Newell, Aaron V. Osmond, Glen Rivera, and Scott L. Theurer in their capacities as members of the Board of Regents of the System (the "Board" or, collectively with the System, "Defendants"), and allege as follows based upon information and belief, except as to the allegations specifically pertaining to her, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action lawsuit on behalf of all persons who paid or will pay tuition and/or fees to attend one of the Universities[1] under the control of the Board (collectively, the "Universities") for an in-person, hands on education for the Spring 2020 semester, Summer 2020 semester, and any future semester, and had their course work moved to online learning. Such persons paid all or part of the tuition for this semester, housing fees, and/or mandatory fees that varied depending upon which of the Universities the student was enrolled ("Mandatory Fees"). The Universities have not provided just compensation for the taking of any amount of the tuition or any of the Mandatory Fees, even though it has implemented online distance learning since mid-March, 2020.

2. Because of the Universities response to the Coronavirus Disease 2019 ("COVID-19") pandemic, on or about mid-March, 2020, the Universities ceased or severally limited any of the services or facilities the Mandatory Fees were intended to cover.

3. Some of the Universities have also provided students with a partial refund of housing costs, but only if the students were able to move out prior to a strict move-out date. Those

---

[1] Dixie State University, Salt Lake Community College, Southern Utah University, Snow College, University of Utah, Utah State University, Utah Valley University, and Weber State University.

2

students who moved out of housing after the strict move-out date should also be entitled to a just compensation for the taking of their housing fees.

4. In short, as to tuition, Plaintiff and the members of the Class have paid tuition for a first-rate education and educational experience, with all the appurtenant benefits offered by a first-rate university, and were provided a materially deficient and insufficient alternative, which constitutes a breach of the contracts entered into by Plaintiff and the Class with the University. As said in New York Magazine, "*Universities are still in a period of consensual hallucination with each saying, 'We're going to maintain these prices for what has become, overnight, a dramatically less compelling product offering.'*"[2]

5. As to the Mandatory Fees, Plaintiff and the Class have paid fees for services and facilities which are simply not being provided; this failure also constitutes a breach of the contracts entered into by Plaintiff and the Class with the Universities.

6. As a result of the breach of contract and reduction in benefits, the Universities unlawfully seized and are in possession of property (funds) of the Plaintiff and Class members in the form of paid tuition, housing, and Mandatory Fees, and have not provided just compensation for such taking.

7. Plaintiff seeks, for herself and Class members, just compensation for the tuition and Mandatory Fees paid, proportionate to the reduction in contracted for services provided during the time that remained in the Spring Semester 2020 where the campuses were closed and students were moved to distance/virtual learning, and the entirety of the Summer 2020 for any class members who signed up and paid for on campus classes when the Universities closed/will remain

---

[2] James D. Walsh, "The Coming Disruption," New York Magazine, May 11, 2020, available at https://nymag.com/intelligencer/2020/05/scott-galloway-future-of-college.html?utm_source=fb (site last visited June 9, 2020).

3

closed and switched to online distance learning, or, in the case of housing, the portion of the housing fee for the days left in the semester for any members of the Class that moved out after the strict move-out dates. The return of such pro-rated amounts would compensate Plaintiff and the Class members for damages sustained by way of Defendant's unconstitutional actions.

8.  Prior to bringing this action, on August 3, 2020, Plaintiffs served a Notice of Claim to the Board on behalf of themselves and the Class defined herein pursuant to Utah Code 63G-7-401. A copy of the Notice of Claim is attached hereto as **Exhibit A.**

9.  Plaintiff's counsel has sent a Freedom of Information Act (FOIA) request to the Board and each of the individual Universities in order to, *inter alia*, gain access to the internal communications regarding issuing potential refunds and reimbursements to the students, and the ultimate denial of the same. If any information received proves fruitful, Plaintiff shall amend the Complaint to incorporate.

## PARTIES

10.  Plaintiff Arriyana Ringgold is a citizen of Nevada. She paid to attend the Spring 2020 semester at Dixie State University ("Dixie State") as a full-time undergraduate student. Plaintiff paid tuition and the Mandatory Fees for the Spring 2020 semester to enable her to obtain an in-person, on-campus educational experience, and enable her to participate in the activities and to utilize the services covered by the Mandatory Fees that she paid. She has not been provided just compensation for the taking of the tuition paid for her in-person classes that were discontinued and moved online, or the Mandatory Fees she paid after Dixie State's facilities were closed or access was severally limited and events were cancelled.

11. Defendant, Utah System of Higher Education, is an institution of higher education that is compiled of eight public universities and eight technical schools[3], with its principal place of business at 60 South 400 West, Salt Lake City, Utah 84101.

12. The System is governed by a Board of Regents, comprised of seventeen residents of the State of Utah appointed by the Governor with the consent of the Senate. 53B-1-104 UCA. The Board has the authority and ability to create policies regarding tuition at the Universities.[4]

13. Defendants Harris H. Simons, Jesselie Barlow Anderson, Mike Angus, Jera L. Bailey, Nina Barnes, Stacey K. Bettridge, Lisa-Michele Church, Wilford Clyde, Candyce Damron, Sanchaita Datta, Alan E. Hall, Patricia Jones, Crystal Maggelet, Arther E. Newell, Shawn Newell, Aaron V. Osmond, Glen Rivera, and Scott L. Theurer are being sued in their official capacities as members of the Board of Regents. The Board maintains its principal place of business at 60 South 400 West, Salt Lake City, Utah 84101.

14. The Universities offer numerous major fields for undergraduate students, as well as a number of graduate programs. The Universities' programs include students from many, if not all, of the states in the country.

## JURISDICTION AND VENUE

15. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members

---

[3] This Complaint does not include the eight technical schools.
[4] https://ushe.edu/ushe-meeting-event/board-of-regents-meeting-36/;
https://www.deseret.com/utah/2020/3/26/21195651/with-covid-19-impacts-weighing-on-their-minds-utah-regents-ok-tuition-hikes-at-most-collegesa

5

of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

16.   This Court has personal jurisdiction over Defendants because Defendants maintain their principal place of business in this District.

17.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants reside in this District.

**FACTUAL ALLEGATIONS**.

18.   Plaintiff and Class Members paid to attend one of the Universities' Spring 2020 semester, or Summer 2020 semester, including tuition, housing (if they lived on campus), and/or the Mandatory Fees.

19.   The Spring 2020 semester at Dixie State began on or about January 21, 2020. The Spring 2020 semester ended on or around April 30, 2020. The Summer 2020 semester began on or about May 11, 2020, and ended on or around July 31, 2020.

20.   Tuition and Mandatory Fees at Dixie State for the Spring 2020 Semester for a full-time student were as follows:

| PER SEMESTER | RESIDENT | NON-RESIDENT | W.U.E. WAIVER & GOOD NEIGHBOR** |
|---|---|---|---|
| Tuition | $2,340 | $7,488 | $3,516 |
| Fees | $408 | $408 | $408 |

[5]

21.   Tuition and Mandatory Fees at Dixie State for the Summer 2020 semester for a full-time student was approximately $2,340 and $408, respectively, regardless of residency.[6]

---

[5] https://admissions.dixie.edu/tuition-costs/
[6] *Id.*

6

22. Plaintiff and members of the Class paid all or part of the applicable tuition for the benefit of on-campus live interactive instruction and an on campus educational experience throughout the entire semester.

23. Housing costs at Dixie State for the Spring 2020 semester cost were as follows:

| | | |
|---|---|---|
| ABBY APARTMENTS | Shared: $1400/Semester | Private: $1750/Semester |
| CAMPUS VIEW SUITES | Shared: $1699/Semester | Private: $2449/Semester |
| CHANCELLOR APARTMENTS | Shared: $1500/Semester | Private: $1850/Semester |
| NISSON TOWERS - ORIGINAL ROOMS* | Shared: $875/Semester | Private: $1300/Semester (Women Only) |
| NISSON TOWERS - REFURBISHED ROOMS* | Shared: $975/Semester | |
| SHILOH HALL* | | Private: $1200/Semester (Men Only) |

| | |
|---|---|
| DIXIE VIEW APARTMENTS | $700/Month |
| MORGAN APARTMENTS | $675/Month [7] |

24. The members of the Class who lived on campus during the Spring 2020 semester paid the applicable cost for the benefit of on-campus housing throughout the entire semester.

25. Plaintiff and members of the Class paid the Mandatory Fees for the semester so they could benefit throughout the entire semester from the services and facilities for which the Mandatory Fees pertained.

26. The other Universities charged tuition, housing, and Mandatory Fees that varied depending on which campus the student was enrolled with, and whether the student was a resident of the State of Utah.

27. Members of the Class paid tuition, housing (if living on campus), and/or Mandatory Fees at the Universities in order to benefit from in-person on campus education, on-campus housing, and from on campus experiences and opportunities.

---

[7] https://housing.dixie.edu/rent-rates/

28. The Universities have retained the value of the tuition, housing, and Mandatory Fees, while failing to provide the services for which they were paid.

29. Members of the Class have demanded the return of the prorated portion of tuition and Mandatory Fees, and have taken to an online petition to demand the same.[8]

30. Despite the demand from the Class, the Universities have not provided any refund of tuition or Mandatory Fees and continues to retain the monies paid by Plaintiff and the Class. This retention amounts to a taking.

31. The Universities and their students are governed by certain agreement amongst them such as policies, handbooks, codes of conduct, and/or general customary practices.

32. For example, Dixie State's Code of Student Rights and Responsibilities provides that students have a right to a learning environment. Specifically:

> 1. **Learning Environment:** Students have a right to an environment and climate conducive to learning and thinking. Students have a right of reasonable access to University facilities, services, and programs, including access to faculty members and to courses as described in the University Catalog. University teaching should reflect consideration for the dignity of students and their rights and individuals. Students have a right to be treated with courtesy and respect. [9]

## *In Response to COVID-19, the Universities Closed Campus, Preventing Access to its Facilities, Services, Housing, and Cancelled All In-Person Classes*

33. In response to the COVID-19 pandemic, Dixie State created a new section for its website to provide updates and answer frequently asked questions.[10]

34. Starting immediately after spring break, on March 23, 2020, Dixie State cancelled all in-person classes and transitioned to remote online courses for the rest of the Spring 2020

---

[8] https://www.change.org/p/utah-state-university-petition-for-usu-to-reimburse-students-a-portion-of-their-semester-fees
[9] https://catalog.dixie.edu/codeofstudentrightsresponsibilities/
[10] https://wellness.dixie.edu/coronavirus-information/

semester. Dixie State further canceled all campus events, gatherings, and athletics for the foreseeable future.[11]

35.     Specifically, in response to the COVID-19 pandemic, Dixie State uploaded the following information to its website:

**ARE ALL CLASSES BEING HELD REMOTELY?**

Starting Monday, March 23, lecture-style classes traditionally held on campus will be held remotely to protect the health of the community. Remote learning employs various methods including but not limited to online courses, podcasts, and face-to-face live Internet sessions.

**WHAT EVENTS ON CAMPUS HAVE BEEN CANCELED?**

All University-sponsored events and mass gatherings are being canceled, rescheduled, or conducted remotely until further notice.

**SHOULD I CANCEL MY ON-CAMPUS MEETING?**

If possible, meetings should be conducted via videoconferencing or teleconferencing; if this is not an option, they should be postponed.

**ARE ATHLETIC EVENTS CANCELED?**

Yes. DSU's Department of Intercollegiate Athletics has canceled all remaining 2020 conference and non-conference spring athletic events, travel, and practices. Get the latest update from Dixie State Athletics here.

[12]

36.     On or about March 23, 2020, Dixie State placed limitations on facilities and services by restricting hours and access for students. Specifically, the library was open only for computer and printer use, and students were urged to study remotely and only come to the library when absolutely necessary. All other facilities were either closed in order to provide services remotely, or remained open with significantly reduced hours.[13]

37.     After transitioning all in-person classes to a remote online learning format, Dixie State gave students the option to receive a Pass/No Credit grade in lieu of traditional letter grading.[14]

---

[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*

38.     Dixie State subsequently postponed the Spring 2020 commencement ceremony to December 11, 2020.[15]

39.     Dixie State ultimately decided to cancel in person classes for the entirety of the Summer 2020 semester, administering classes remotely instead.

40.     Dixie State has not held any in-person classes since March 13, 2020, which was just before the commencement of its spring break.  Classes that have continued since March 23, 2020 have only been offered in a remote online format with no in-person instruction or interaction.

41.     Also in response to the COVID-19 pandemic, Dixie State gave students the option to move out of on-campus housing by April 7, 2020 to obtain a prorated refund of housing costs.[16] Student who could not move out prior to that date were not eligible for a refund.

42.     Dixie State posted on its website that no refund for tuition will be given since it is continuing education online. It did not provide any refund information for the Mandatory Fees.[17]

43.     Upon information and belief, the other Universities followed similar procedures under the guidance of the Board, cancelling in person classes and on campus services, while retaining the full amount of tuition and Mandatory Fees paid.

### *The Universities Online Courses Are Subpar to In-Person Instruction, For Which Plaintiff and the Class Members Contracted with the Universities to Receive by Paying Tuition and Fees*

44.     Students attending the Universities' Spring 2020 and Summer 2020 semesters did not choose to attend an online institution of higher learning, but instead chose to enroll in the Universities' in-person educational program.

---

[15] *Id.*
[16] *Id.*
[17] *Id.*

10

45. On its website, the Universities market their on-campus experience as a benefit of enrollment by stating:

> Learning is exciting when you fill your life with enriching experiences and unforgettable friendships. Catch a game, see a concert, join a club, and learn lessons that last a lifetime.

**CLUBS & ORGANIZATIONS**

Get the most out of your Dixie experience. Make lasting connections and explore your interests with our diverse clubs and organizations.

/ JOIN A GROUP

**OUTDOOR & CAMPUS RECREATION**

Energize your learning with Dixie's abundant recreational experiences. Swim a few laps or take a ride through the canyon to keep your brain and body invigorated.

/ GET MOVING

**STUDENT ACTIVITIES**

There's always something exciting happening on campus in the surrounding areas. Find out what's going on and get involved.

/ GET INVOLVED

**CAMPUS RECREATION**

Indoor, outdoor, pool, and intramural or club sports activities—Whatever you enjoy we have it.

/ GET ACTIVE

**SERVICE OPPORTUNITIES**

We strive to connect the community and university with meaningful volunteer experiences. We invite all to join us as we embrace the spirit of volunteerism.

/ GIVE BACK

**INCLUSION CENTER**

Join with your fellow students to celebrate the many cultures that make our university great.

/ GET INVOLVED

[18]

---

[18] https://campuslife.dixie.edu/

11

> While academics rule the day, the experiences outside of class is a major part to life at the U. Around campus, extracurricular activities abound with hundreds of clubs and student groups, ranging from the serious and studious (like, the Park Debate Society) to the adrenaline-filled and heart-pumping (see Freeskier Society), with nearly everything in between.

[19]

> **Campus Life**
>
> USU is the oldest residential campus in Utah offering a variety of year-round activities and countless ways to connect with other members of the university community.

[20]

46.     The Universities use their websites, promotional materials, circulars, admission papers, and publications to tout the benefit of being on campus and to emphasize quality of education students will receive in its facilities.

47.     The online learning options being offered to the Universities' students are sub-par in practically every aspect as compared to what the educational experience afforded Plaintiff and the members of the Class once was.  During the online portion of the semesters, the Universities offered some classes through Zoom. Other classes, however, stopped providing the students with any lectures at all and required that the students learn on their own and turn in assignments when due.  Therefore, there was a lack of classroom interaction among teachers and students and among individual students that is instrumental in interpersonal skill development.

48.     The online formats being used by the Universities do not require memorization or the development of strong study skills given the absence of any possibility of being called on in

---

[19] https://www.utah.edu/_archive/life/student.php
[20] https://www.usu.edu/campus-life/

class and the ability to consult books and other materials when taking exams. Further, the ability to receive a Pass/No Credit grade rather than a letter grade provides educational leniency that the students would not otherwise have with the in-person letter grading education that was paid for and expected.

49. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

50. Access to facilities such as libraries, laboratories, computer labs, and study rooms, are also integral to a college education, and access to the myriad activities offered by campus life fosters social development and independence, and networking for future careers, all substantial and materials parts of the basis upon which the Universities can charge the tuition it charges, are not being provided.

51. The Universities have not made any refund of any portion of the tuition Plaintiff and the members of the Class paid for the Spring 2020 and Summer 2020 semesters for the period it moved to subpar on-line distance learning.

52. Nor have the Universities refunded any portion of the Mandatory Fees it collected from Plaintiff and the members of the Class for the Spring 2020 and Summer 2020 semesters even though it limited access to or ceased the services and facilities for which the Mandatory Fees were intended to pay.

53. There are also members of the Class who were not able to move out of Universities' housing prior to the strict move out dates and should be entitled to a prorated refund for the remaining days of the Spring 2020 semester.

54. Plaintiff and the Class members are therefore entitled to just compensation for the taking of the tuition and Mandatory Fees they paid for the Spring 2020 and Summer 2020

semesters for the reduction in benefits received during remaining days of the semester after classes moved from in-person to online and facilities were closed or severally limited. Further, any students who lived on campus during the Spring 2020 semester and who moved out after the strict move out date, should be entitled to just compensation for the taking of housing fees that they paid for the remaining days of that semester after they left the campus.

55. Defendants are obligated to uphold the Utah and United States Constitutions.

56. By denying in-person learning and on-campus benefits and opportunities, Defendants have violated the Utah Constitution, Article I, §§ 7 and 22, and the United States Constitution's Fifth and Fourteenth Amendments. Plaintiff and members of the Class are entitled to just compensation for the taking of tuition, housing, and Mandatory Fees for the reduction in benefits received for the duration of the Universities COVID-19 related closures for the in-person education and on-campus services and opportunities that Plaintiff and members of the Class have been denied.

## CLASS ACTION ALLEGATIONS

57. Plaintiff brings this case individually and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined as:

> All persons who paid tuition, housing fees (for those who lived on-campus), and/or the Mandatory Fees for a student to attend in-person class(es) during the Spring 2020 semester and/or Summer 2020 semester and/or any future semester at one of the Universities but had their class(es) moved to online learning (the "Class").

58. Excluded from the Class is Defendants, their subsidiaries and affiliates, their officers, directors and members of their immediate families and any entity in which Defendants have a controlling interest, the legal representative, heirs, successors or assigns of any such

excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

59. Plaintiff reserves the right to modify or amend the definition of the proposed Class if necessary before this Court determines whether certification is appropriate.

60. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

61. The requirements of Rule 23(a)(1) have been met. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is unknown to Plaintiff, it is believed that the number of students enrolled in the Spring 2020 semester exceed 150,000. The number of students enrolled for Summer 2020 or any future semesters is unknown at this time. The identity of all such students is known to the University and can be identified through the University's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

62. The requirements of Rule 23(a)(2) have been met. There are questions of law and fact common to the members of the Class including, without limitation:

    a. Whether the Universities accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus live education, as well as access to certain facilities and services throughout the Spring 2020 semester;

    b. Whether Defendants breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after mid-March 2020;

c. Whether Defendants complied with the Constitutional requirements for seizing and retaining Plaintiff's and the Class members' property without providing the services that the tuition, housing, and Mandatory Fees were intended to cover;

d. Whether Defendants afforded Plaintiff and the other Class members notice and due process before seizing and retaining their property; and

e. The amount of damages and other relief to be awarded to Plaintiff and the Class members.

63. The requirements of Rule 23(a)(3) have been met. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other Class members each contracted with Defendants for it to provide an in-person and on-campus live education for the tuition they paid, Universities housing (for those who lived on-campus), and access to the services and facilities for the Mandatory Fees that they paid, that the Universities stopped providing in mid-March, all while unlawfully retaining the property (funds) of the Plaintiff and Class.

64. The requirements of Rule 23(a)(4) have been met. Plaintiff is an adequate class representative because her interests do not conflict with the interests of the other Class members who she seeks to represent, Plaintiff has retained competent counsel who are experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Plaintiff and her counsel.

65. Class certification of Plaintiff's claims is also appropriate pursuant to Rule 23(b)(3) because the above questions of law and fact that are common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The damages or financial detriment suffered by individual Class members are relatively small compared to the

burden and expense of individual litigation of their claims against the University. It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE TAKINGS CLAUSE - 42 U.S.C. § 1983
### (On Behalf of Plaintiff and the Class)

66. Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

67. Plaintiff brings this claim individually and on behalf of the members of the Class.

68. The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." U.S. Const. Amend. V. The takings clause is made applicable to the states through the Fourteenth Amendment. *See* U.S. Const. Amend. XIV; *Murr v. Wisconsin*, 137 S. Ct. 1933, 1942, 198 L. Ed. 2d 497 (2017) (citing *Chicago, B. & Q.R. Co. v. Chicago*, 166 U.S. 226, 17 S.Ct. 581, 41 L.Ed. 979 (1897)). Similarly, Article I, § 22 of the Utah Constitution provides that private property shall not be taken "for public use without just compensation." Utah Const. Art. 1, § 22. Thus, the Takings Clause of the U.S. and Utah Constitutions prohibit states, and state agencies like the System and the Board, from taking private property for public use without just compensation.

69. Takings claims may properly be brought against state agencies and are not barred by sovereign immunity.

70. Common law has recognized that there is a property right by an owner in funds held in an account managed by another. Here, the Universities received payment of tuition, housing, and Mandatory Fees from private citizens, as consideration for the benefit of receiving in-person course instruction, housing, and other on-campus benefits - the funds are thus private in nature but held by a public entity. Plaintiff and the other members of the Class have a protected property right in all sums they paid to the Universities.

71. Defendant violated the Takings Clause by failing to return to Plaintiff and members of the Class that portion of the tuition, housing, and Mandatory Fees for which they received nothing, or significantly less than what they bargained for in return. Neither Plaintiff nor the other Class members have made a knowing and voluntary waiver of their constitutional right under the Fifth Amendment to be paid just compensation for the taking of their property rights in those funds.

72. Thus, Plaintiff and the Class are entitled to just compensation for the taking of their property.

**SECOND CLAIM FOR RELIEF**
**DUE PROCESS - 42 U.S.C. § 1983**
**(On Behalf of Plaintiff and the Class)**

73. Plaintiff repeats and re-alleges the factual allegations set forth above as if fully alleged herein.

74. Plaintiff brings the claim individually and on behalf of the members of the Class.

75. Government actors must provide adequate due process procedures when depriving citizens of protected property interests. U.S. Const. Amend. XIV; Utah Const. Art. I, § 7.

76. The due process clauses of the U.S. and Utah Constitutions prohibits the State of Utah and the governmental agencies that it forms, such as the System and the Board, from depriving citizens of a protected property interest without due process of law.

77. Plaintiff and the Class members had a constitutionally protected property interest in the tuition, housing, and Mandatory Fees they paid for in-person education, housing, and on-campus services and opportunities but were denied due to the COVID-19 pandemic.

78. Defendants took actions affecting Plaintiff and the other Class members' constitutionally protected property interest by retaining amounts from Plaintiff's and the Class members' payment of tuition, housing, and Mandatory Fees.

79. Defendants deprived Plaintiff and the other Class members of their protected property interests without due process of law by, for example:

   a. Failing to provide timely notice to Plaintiff and the Class, whose identity and contact information Defendants either knew, or by exercise or reasonable diligence should have known, of the refundable nature of the tuition, housing, and Mandatory Fees;

   b. Failing to design and implement criteria by which the tuition, housing, and Mandatory Fees can be refunded to Plaintiff and the Class in light of the Universities ceasing or severally limiting all on-campus in-person lectures, housing, and activities due to the COVID-19 pandemic; and

   c. Failing to design and implement a mechanism by which Plaintiff and the other Class members can obtain a refund of the tuition, housing, and Mandatory Fees in light of the Universities' ceasing or severally limiting all on-campus in-person lectures, housing, and activities due to the COVID-19 pandemic.

80. Defendants' failure to comply with the requirements of due process has resulted in substantial detriment to the Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that judgment be entered in favor of Plaintiff and the Class against Defendants as follows:

(a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff' attorneys as Class Counsel to represent the Class;

(b) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c) For compensatory damages in an amount to be determined by the trier of fact;

(d) For an order of restitution and all other forms of equitable monetary relief;

(e) Awarding Plaintiff' reasonable attorneys' fees, costs, and expenses;

(f) Awarding pre- and post-judgment interest on any amounts awarded; and,

(g) Awarding such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to the Federal Rule of Civil Procedure 38(b), Plaintiff demand a trial by jury of any and all issues in this action so triable of right.

DATED the 23rd day of September, 2020

ANDERSON & KARRENBERG

*/s/ Andrew R, Hale*
Richard A. Kaplan
Andrew R. Hale
*Attorneys for Plaintiff and Proposed Class*